IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELVIN ORTIZ RIVERA,**

      CASE NO.:

    **Plaintiff,**

vs.

**STEPP'S TOWING SERVICE, INC.,**

    **Defendant.**     /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KELVIN ORTIZ RIVERA, by and through the undersigned attorney, sues the Defendant, STEPP'S TOWING SERVICE, INC., a Florida Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendant from approximately January 2016 through present as a Tow Truck Driver.

3. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

1

4. Defendant is a Florida Corporation that operates and conducts business in, among other locations, Orlando, Orange County, Florida and is therefore, within the jurisdiction of this Court.

5. Defendant operates as a towing business.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were telephones, computers, office equipment, and other items which originated from outside the state of Florida.

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **FLSA VIOLATIONS**

12. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff as exempt from overtime compensation.

13. During Plaintiff's employment with Defendant, Defendant operated under a contract with the Orlando International Airport to provide towing services.

14. Plaintiff was allegedly paid 50% of the earnings Defendant made under the contract on each tow job.

15. However, in actuality Plaintiff was paid an hourly rate and was paid "straight time" for overtime hours worked.

16. During his employment with Defendant, Plaintiff was classified as exempt under Section 7(i) of the FLSA.

17. Because Plaintiff's work for Defendant was performing towing services for a governmental agency, Defendant does not qualify as a "retail or service establishment" in order to claim the Section 7(i) exemption.

18. Plaintiff was truly a non-exempt employee and should have been paid overtime compensation for overtime hours worked.

19. Plaintiff routinely worked overtime hours, but was never paid time and one-half compensation for same.

20. Upon information and belief, the records, to the extent any exist,

concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## **RECOVERY OF OVERTIME COMPENSATION**

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above as though fully stated herein.

22. Plaintiff was/is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

23. During his employment with Defendant, Plaintiff was misclassified as exempt and worked overtime hours without receiving additional overtime compensation from Defendant.

24. Defendant did not have a good faith basis for their decision to classify Plaintiff as exempt under the FLSA.

25. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KELVIN ORTIZ RIVERA, demands judgment against Defendant for unpaid overtime compensation, liquidated damages,

reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of June, 2022.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esquire
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244*
*Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorney for Plaintiff*