UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELVIN ORTIZ RIVERA,

    Plaintiff,

v.

STEPP'S TOWING SERVICE, INC.,

    Defendant.

Case No. 6:22-cv-1020-RBD-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Joint Motion for Approval of Settlement and Dismissal with Prejudice
>
> **FILED:** May 4, 2023
>
> It is **RECOMMENDED** that the Motion (Dkt. 24) be **GRANTED**.

I.   Background

On June 9, 2022, Plaintiff Kelvin Ortiz Rivera filed a Complaint against Defendant Stepp's Towing Service, Inc., alleging unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Plaintiff alleges he worked from January 2016 through present as a tow truck driver for

Defendant. *Id.* at ¶ 2. Plaintiff alleges that he was misclassified as an exempt employee when he was actually a non-exempt employee eligible for overtime compensation for the overtime hours he worked. *Id.* at ¶¶ 12-19.

On May 4, 2023, the parties filed a "Joint Motion for Approval of Settlement and Dismissal with Prejudice" ("Motion"). Dkt. 24. The parties inform the Court that they have negotiated a settlement of Plaintiff's claim. Under the terms of the settlement agreement, Plaintiff will receive $10,000.00 for his alleged unpaid wages and an equal amount for liquidated damages, for a total of $20,000.00. Dkt. 24 at 3; Dkt. 24-1 at ¶ 1(b). Plaintiff's counsel will receive $10,000.00 for attorney's fees and costs. Dkt. 24 at 3; Dkt. 24-1 at ¶ 1(c). The parties ask the Court to approve the FLSA settlement agreement and to dismiss the case with prejudice.

## II. Legal Standards

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). To do this, a court considers:

    (1)  the existence of fraud or collusion behind the settlement;
    (2)  the complexity, expense, and likely duration of the litigation;
    (3)  the stage of the proceedings and the amount of discovery completed;
    (4)  the probability of [Plaintiff's] success on the merits;

    (5)   the range of possible recovery; and
    (6)   the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III. The Proposed Settlement And Fee Award Appear Fair and Reasonable.

#### A. The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354-55. Plaintiff estimates that he is owed $22,947.03 for his FLSA claim. Dkt. 24 at 4. Because Plaintiff is receiving less than the amount he claimed plus an equal amount of liquidated damages (Dkt. 24 at 3; Dkt. 24-1 at ¶ 1(b)), he has compromised his FLSA claim.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 24 at 5. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 5-7. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* at 8-9. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of his original claim, the Court finds the settlement amount fair and reasonable. It is therefore recommended that the Court find the consideration being paid to Plaintiff to resolve his FLSA claim is fair and reasonable.

**B.   The mutual general release has sufficient detail to not render the proposed settlement unfair or unreasonable.**

The Settlement Agreement contains a "Mutual General Release," that the parties contend does not affect the fairness of the settlement. Dkt. 24 at 10; Dkt. 24-1 at ¶ 3. "Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information." *Hathaway v. Hemp Hop, LLC*, No. 6:21-CV-649-RBD-GJK, 2022 WL 2305989, at *3 (M.D. Fla. Mar. 7, 2022), *report & recommendation adopted*, No. 6:21-CV-649-RBD-GJK, 2022 WL 2305981 (M.D. Fla. Apr. 11, 2022). The mutual general release of claims in the proposed settlement contains carve-

outs for "any claim that relates to any rights he might have to file or pursue a claim, or to any pending claim for unemployment or worker's compensation or any existing benefits derived from a worker's compensation claim or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; and any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement." Dkt. 24-1 at ¶ 3. Those exclusions are sufficiently broad to save the release from being a pervasive release that "introduces a troubling imponderable into the calculus of fairness and full compensation." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Plaintiff is not executing "a broad release effectively gambl[ing], [or] exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled." *Id.* Plaintiff retains the right to bring some claims against Defendant in the future. The "Mutual General Release" therefore has sufficient information to not render it a pervasive release and make the proposed settlement unfair or unreasonable.

### C.  The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $10,000.00 in fees and costs that include the filing of this action, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 24 at 9. The Court finds that the amount is reasonable on its

face, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. The award is therefore reasonable.

Even so, the fee award appears reasonable under a lodestar analysis. Counsel indicated that he has charged between $400 and $600 in recent cases. Dkt. 28 at 2. The Court may use its discretion and expertise to determine the appropriate hourly rate to apply to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The range of rates proposed by counsel is high. Like Magistrate Judge Flynn in a recent case, I believe that $600 per hour is pushing the bounds of propriety for an FLSA case in the Orlando Division. *Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-CV-327-VMC-SPF, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022), *report & recommendation adopted*, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023) (reducing Mr. Morgan's hourly rate from $650 to $425). But the lower rate of $400 is not so high as to be unreasonable. First, according to the Florida Bar, the average hourly rate charged by attorneys in Central Florida is $375.[2]

---

[2] The Florida Bar, *Results of the Economics & Law Office Management Survey* (Oct. 2022), https://www-media.floridabar.org/uploads/2022/11/2022-Florida-Bar-Economics-and-Law-Office-Mgmt-Survey-Report-Final.pdf (response to question 4D). Counsel has offered this survey as a reliable source in other cases. *See, e.g.*, *Shannon v. Saab Training USA, LLC*, No. 6:08CV803-ORL-19DAB, 2009 WL 1773808, at *5 (M.D. Fla. June 23, 2009).

Second, recent decisions from this division have found $400 an hour for experienced counsel to be a reasonable rate in FLSA cases. *Perez v. Margaritas V&P, Inc.*, No. 6:22-CV-1133-RBD-EJK, 2023 WL 2696182, at *5 (M.D. Fla. Mar. 14, 2023), *report & recommendation adopted*, No. 6:22-CV-1133-RBD-EJK, 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023) (finding $400 and $450 an hour reasonable in an FLSA case for attorneys with eleven- and twenty-five-years' experience, respectively); *Onyeneho v. LB Ent. LLC*, No. 6:22-CV-978-WWB-DAB, 2023 WL 2931204, at *2 (M.D. Fla. Mar. 6, 2023) (finding $375 an hour reasonable); *Reguena v. Doug Connor, Inc.*, No. 6:20-CV-1670-EJK, 2022 WL 17609073, at *2 (M.D. Fla. Dec. 13, 2022) (collecting Orlando Division cases finding $400 an hour a reasonable rate in FLSA cases for experienced counsel). I therefore recommend the Court base a reasonable award in this case on the lower end of the range proposed by counsel.

Even assuming any award should be based on a $400 hourly rate, the award in this case is reasonable. Accounting for the cost of the filing fee and mediator's services, the attorney's fee award amounts to less than twenty-one hours of work. That amount of work is reasonable for the work performed in this case, which went beyond the Court's initial scheduling order, into discovery, and required two rounds of mediation. The Court therefore should approve $8,360.50 in attorney's fees, $402.00 in costs, and $1237.50 for the mediator's services.

## IV. Recommendation

Based on my review of the joint motion and the terms of the settlement agreement, I respectfully recommend the Court enter an order granting the Motion (Dkt. 24) and dismissing the case with prejudice.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**Entered** in Orlando, Florida, on June 28, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record